# REGISTER OF ACTIONS
## CASE NO. 15-2102

| DAVID JELLISON VS. STATE FARM LLOYDS | § § § § § | Case Type: **Other Contract**<br>Date Filed: **10/12/2015**<br>Location: **274th District Court** |
|---|---|---|

### PARTY INFORMATION

|  |  |  | **Lead Attorneys** |
|---|---|---|---|
| Defendant | State Farm Lloyds<br>REG Agent Corporation Service Company<br>211 E. 7th St., Ste. 620<br>Austin, TX 78701 | | **Edward F. Kaye**<br>*Retained*<br>512-651-7000(W) |
| Plaintiff | Jellison, David | | **David C Wenholz**<br>*Retained*<br>512-478-2211(W) |

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 10/12/2015 | Court's Docket Sheet | | |
| 10/12/2015 | Plaintiffs Original Petition (Open Case)<br>*and Request For Disclosure* | | |
| 10/16/2015 | Citation | | |
| | State Farm Lloyds | Served | 10/22/2015 |
| 10/28/2015 | Citation Return | | |
| 11/13/2015 | Defendant's Original Answer | | |

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| | **Defendant** State Farm Lloyds | | |
| | Total Financial Assessment | | 2.00 |
| | Total Payments and Credits | | 2.00 |
| | Balance Due as of 11/20/2015 | | 0.00 |
| 11/16/2015 | Transaction Assessment | | 2.00 |
| 11/16/2015 | Texfile Electronic Payment  Receipt # 160545-DC | State Farm Lloyds | (2.00) |
| | | | |
| | **Plaintiff** Jellison, David | | |
| | Total Financial Assessment | | 339.00 |
| | Total Payments and Credits | | 339.00 |
| | Balance Due as of 11/20/2015 | | 0.00 |
| 10/12/2015 | Transaction Assessment | | 337.00 |
| 10/12/2015 | Texfile Electronic Payment  Receipt # 158352-DC | Jellison, David | (337.00) |
| 10/29/2015 | Transaction Assessment | | 2.00 |
| 10/29/2015 | Texfile Electronic Payment  Receipt # 159412-DC | Jellison, David | (2.00) |

EXHIBIT A

FILED
10/12/2015 2:03:25 PM
Beverly Crumley
District Clerk
Hays County, Texas

Cause No. 15-2102

| | | |
|---|---|---|
| DAVID JELLISON | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| STATE FARM LLOYDS | § | HAYS COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

COMES NOW, DAVID JELLISON (hereinafter referred to as "Plaintiff") and files this, his Original Petition, Request for Disclosure complaining of STATE FARM LLOYDS ("State Farm") and for causes of action would show as follows:

#### I.
#### DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery in this case to be controlled by Tex.R.Civ.P. 190.4 (Level 3).

#### II.
#### JURISDICTION AND VENUE

2. This is a suit based on breach of contract, torts and statutory violations relating to an insurance claim Plaintiff filed for damages to his house, which is located in Hays County, Texas. Hays County is where all or a substantial part of the events or omissions giving rise to the claim occurred. Venue is also appropriate under §2210.552 of the Tex. Ins. Code.

3. The amount in controversy exceeds the minimum jurisdictional limits of this Court. The Court also possesses subject matter jurisdiction over all causes of action and claims for relief stated herein.

EXHIBIT A

## III.
## PARTIES

4. The Plaintiff is a resident of Austin, Hays County, Texas.

5. Defendant STATE FARM is a domestic corporation with its principal office in Richardson, Texas and may be served with process by serving its registered agent, Corporation Service Company, 211 E. 7th St., Ste. 620, Austin, TX 78701.

## IV.
## FACTS

6. Plaintiff owns a house located at 16330 FM 1826, Austin, Texas 78737. In order to protect the home from damage, Plaintiff purchased an insurance policy from STATE FARM. The insurance policy was effective on October 31, 2013 when the Plaintiff's home sustained windstorm and water damage from a roof leak. Plaintiff's dwelling was in good condition prior to the loss. As a result of the loss, Plaintiff discovered his house sustained significant damage during the policy period(s) and a claim was immediately reported to STATE FARM. Plaintiff satisfied all conditions precedent under the policy and under common law before bringing this action. The current losses and damages include, but are not limited to, damage and/or losses to the roof, decking, interior damage to the master bedroom, hallway, and master bathroom, kitchen, breakfast room, laundry room, dining room, and garage. The losses sustained were the type the Plaintiff sought to insure against. Upon information and belief, after Plaintiff reported the loss, Defendant STATE FARM inspected the Plaintiff' home for damage. Pleading upon information and belief, STATE FARM underpaid Plaintiff for all the windstorm and water related damages to his home regarding the subject claim. After discussing the underpayment with STATE FARM, with no success, Plaintiff retained council to assist with his claim. Pleading upon information and belief, STATE FARM advised the Plaintiff that they believe the damages were adjusted properly and

refused to pay the Plaintiff the amount needed to compensate the Plaintiff for his damages. Moreover, Defendant knowingly delayed paying this claim. On June 8, 2015, almost two years after the loss, STATE FARM issued a payment for additional losses in the net amount of $5,941.67. In its cover letter enclosing the payment, STATE FARM admitted that the payment was long overdue and in violation of the prompt payment statute by including $1,395.90 "which represents the applicable statutory interest." Plaintiff, therefore, asserts that Defendant breached its duty of good faith and fair dealing by failing to compensate Plaintiff for all damages that the Plaintiff sustained from the covered loss, when it was reasonably apparent that the damages were owed by STATE FARM.

V.
BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

7. At all times since STATE FARM issued Plaintiff's policy of insurance covering Plaintiff home and property, Defendant knew, or should have known, Plaintiff was insured under a policy of insurance issued by them. STATE FARM issued said policy to Plaintiff and owed Plaintiff a duty of good faith and fair dealing and a duty to exercise ordinary care in the handling of Plaintiff's claim, the investigation of Plaintiff's claim, the payment of Plaintiff's claim and the adjustment of Plaintiff's losses. STATE FARM further owed Plaintiff a duty to timely pay for all covered losses. STATE FARM breached its duties of good faith and fair dealing owed Plaintiff under the contract and under the common law as stated herein. As a direct proximate cause of Defendant's negligent and/or intentional acts and/or omissions, which constitute breach of the duty of good faith and fair dealing, Plaintiff has suffered damages for which he now sues. Plaintiff incorporates by reference all other allegations contained herein which amount to and constitute breach of the duty of good faith and fair dealing imposed upon STATE FARM as a matter of law.

EXHIBIT A

## VI.
### INSURANCE CODE VIOLATIONS

8. Pleading further upon information and belief, STATE FARM engaged in unfair and/or deceptive acts and/or practices in the business of insurance, in violation of the Texas Insurance Code, by violating these statutes and such constitutes a violation of the DTPA. Defendant further violated Tex. Ins. Code article §541.001 - 542.051 et seq. said acts and/or practices are the proximate and/or producing cause of Plaintiff's damages for which he now sues. Defendant has engaged in unfair settlement claims practices by misrepresenting to the Plaintiff a material fact or policy provision relating to the coverages at issue. As a proximate, producing cause of Defendant's acts, errors and/or omissions, Plaintiff has suffered damages for which he now sues. Defendant's acts, errors and/or omissions were committed knowingly with actual awareness of the falsity, unfairness or deception of the act(s) or practice(s) complained of above. Therefore, Plaintiff requests the Court award them, in addition to the actual damages set forth herein, statutory damages, pursuant to the Texas Insurance Code, as well as their reasonable and necessary attorneys' fees and costs. Alternatively, Plaintiff seeks punitive damages in order to punish the Defendant from treating other policyholders in the same or similar fashion. Additionally, Plaintiff request the Court award damages pursuant to Article 542.060 of the Texas Insurance Code.

## VII.
### D.T.P.A. VIOLATIONS

9. At all times material and relevant hereto, Plaintiff was a "consumer" as that term is defined in the Texas Deceptive Trade Practices-Consumer Protection Act, ("DTPA") Tex. Bus. & Com. Code sec. 17.45(4). Plaintiff sought "services" from Defendant as that term is defined in Tex. Bus. & Com. Code sec. 17.45(2). At all times relevant hereto,

Defendant was engaged in "trade" and "commerce" as those terms are defined in Tex. Bus. & Com. Code sec. 17.45(6).

10. The acts, errors and/or omissions committed by Defendant as described herein violated the DTPA and were false, misleading and/or deceptive acts and/or practices as described above and committed as follows:

(1) representing that goods or services are of a particular standard, quality or grade when they are of another;
(2) causing confusion or misunderstanding as to the source, sponsorship, approval or certification of goods or services;
(3) causing confusion or misunderstanding as to the affiliation, connection or association with goods or services;
(4) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities which they do not have or that a person has a sponsorship, approval, status, affiliation or connection which he does not have;
(5) representing that an agreement confers or involves rights, remedies, or obligations, which it does not have or involve, or which are prohibited by law.

11. Defendant's conduct also violates §§17.50(a)(3),(4) of the DTPA. Additionally, the acts, errors and/or omissions referred to above were in fact a producing and/or proximate cause of damage to Plaintiff. The above acts, errors and/or omissions were committed by the Defendant both "knowingly" and intentionally as those terms are defined by Tex. Bus. & Corn. Code sec.17.45(9). Accordingly, Plaintiff request the Court award, in addition to economic damages, three times the amount of economic damages. Plaintiff further requests the Court award court costs and reasonable and necessary attorneys' fees.

## VIII.
### NEGLIGENCE/NEGLIGENT MISREPRESENTATION

12. Plaintiff alleges that Defendant owed them a duty to exercise ordinary care in performing insurance related services they provided. Defendant breached this duty and proximately caused harm to the Plaintiff for which they now sue. Plaintiff also alleges that Defendant made representations in the course of its business or in a transaction in which they had

EXHIBIT A

a pecuniary interest. The representation presented and supplied false information for the Plaintiff's guidance and Defendant did not exercise reasonable care or competence in obtaining or communicating the information to the Plaintiff. Plaintiff relied on the representations to his detriment and was injured.

### IX.
### DAMAGES

13. Plaintiff has suffered actual damages in an amount that exceeds the minimum jurisdictional limits of this Court. Accordingly, Plaintiff requests that the jury award him a fair amount under the circumstances for the damages.

14. Plaintiff has incurred additional and consequential damages, including but not limited to; repair and rebuild costs, loss of use and lost rental income damages, stigma damage, cosmetic and/or any structural damages to the house and property. Plaintiff's home is in need of repairs to its interior and the roof (which will suffer damage as a consequence of the above described repairs).

15. Plaintiff has been required to retain the undersigned attorney to prosecute this lawsuit and have thereby incurred reasonable and necessary attorneys' fees and costs for which she now sues.

16. Plaintiff requests the Court award pre-judgment and post-judgment interest.

17. Plaintiff requests that statutory damages be awarded under the DTPA and the Texas Insurance Code.

18. Exemplary damages to punish and deter the Defendant for its actions.

### X.
### DISCOVERY

19. Plaintiff requests pursuant to Rule 194 of the Texas Rules of Civil Procedure,

EXHIBIT A

that you disclose, within 50 days of service of this request, the information or material described In Rule 194.2(a) - (i), (k), (l).

## XI.
### DAMAGES

20. Plaintiff demands a trial by jury in accordance with the Texas Rules of Civil Procedure and Evidence and the Constitution of the United States of America and the Texas Constitution.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant be cited to appear and answer herein; that upon final hearing, this Court and jury grant the relief sought herein and that Plaintiff obtains a judgment against the Defendant and that Plaintiff be granted such other and further relief, both general and special, legal and equitable, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

THE WENHOLZ LAW FIRM PLLC

_____
David C. Wenholz
Texas Bar No. 21176350

13501 Galleria Circle
Suite W270
Bee Cave, TX 78738
(512) 478-3625 (fax)
(512) 478-2211 (phone)
dwenholz@wenholz.com

ATTORNEY FOR PLAINTIFF

EXHIBIT A

CITATION
THE STATE OF TEXAS

CAUSE NO. 15-2102

STYLED: DAVID JELLISON VS. STATE FARM LLOYDS

TO: STATE FARM LLOYDS, UPON WHOM PROCESS MAY BE HAD BY SERVING REGISTERED AGENT: CORPORATION SERVICE COMPANY, 211 E 7TH ST., STE 620, AUSTIN, TX 78701

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 am on the Monday next following the expiration of 20 days after the date you were served this citation and petition, a default judgment may be taken against you."

Attached is a copy of the PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE, which was filed by the PLAINTIFF, in the above styled and numbered cause on the 12TH DAY OF OCTOBER, 2015, in the 274th District Court of Hays County, San Marcos, Texas.

Issued and given under my hand and seal of said Court at San Marcos, Texas on this the 16th day of October, 2015.

REQUESTED BY:
David C Wenholz
The Wenholz Law Firm PLLC
13501 Galleria Circle Suite W270
Bee Cave TX 78738
512-478-2211

BEVERLY CRUMLEY
Hays County District Clerk
Hays County Government Center
712 Stagecoach Trail, Ste. 2211
San Marcos, Texas 78666

By: Charlotte Ladd
Charlotte Ladd, Deputy

## OFFICER'S RETURN

Came to hand on the ___ day of OCT 20 15 at 10 o'clock A M and executed the ___ day of ___ 20 ___ by delivering to defendant _____ in person, a true copy of this citation with a copy of the petition attached thereto on ___ day of ___ 20 ___ at ___ o'clock ___ M at _____ in _____ County, Texas.

[ ] Not executed. The diligence used in finding defendant being _____

[ ] Information received as to the whereabouts of defendant being _____

Service Fee:$ _____

Sworn to and subscribed before me this the ___ day of _____

SHERIFF/CONSTABLE/AUTHORIZED PERSON
BY: _____

Printed Name of Server
_____ County, Texas

NOTARY PUBLIC, THE STATE OF TEXAS

## DEFENDANT'S COPY

FILED
11/13/2015 4:39:41 PM
Beverly Crumley
District Clerk
Hays County, Texas

CAUSE NO. 15-2102

| | | |
|---|---|---|
| DAVID JELLISON | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| v. | § | HAYS COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS | § | |
| | § | |
| Defendant. | § | 274th JUDICIAL DISTRICT |

### DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant, State Farm Lloyds, and files this its Answer to Plaintiff's Original Petition:

### GENERAL DENIAL

1.  Defendant hereby raises a general denial as permitted by Rule 92 of the Texas Rules of Civil Procedure, and deny each and every, all and singular, allegations contained in Plaintiff's Original Petition and demand that Plaintiff prove the truth of his allegations by a preponderance of the believable evidence.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that upon final hearing hereof, Plaintiff take nothing by reason of this action.

EXHIBIT A

                    Respectfully submitted,

                    SKELTON & WOODY
                    248 Addie Roy Road, Suite B-302
                    Austin, Texas 78746
                    Telephone:  (512) 651-7000
                    Facsimile:  (512) 651-7001

    By:    /s/ Edward F. Kaye
                    J. Hampton Skelton
                    State Bar No. 18457700
                    hskelton@skeltonwoody.com
                    Edward F. Kaye
                    State Bar No. 24012942
                    ekaye@skeltonwoody.com

                    ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of November, 2015, a true and correct copy of the above and foregoing document was served via facsimile on the following counsel of record:

David C. Wenholz
13501 Galleria Circle
Suite W270
Bee Cave, Texas 78738
Fax: (512) 478-3625

                    /s/ Edward F. Kaye
                    Edward F. Kaye

EXHIBIT A



# THE WENHOLZ LAW FIRM PLLC

January 7, 2015

**VIA CMRRR**
Gilberto Santos, Claim Representative
State Farm Insurance
PO Box 661044
Dallas, Texas 75266-1044

Re:  Insured:       David Jellison
     Loss Address:  16330 FM 1826
                    Austin, Texas 78737-8809
     Claim No.:     53-364F-184
     DOL:           10/31/2013
     Policy #:      83-32-6465-8

Dear Gilberto Santos:

Please be advised that I represent David Jellison with his dispute concerning the aforementioned claim. I would ask that you and your representatives refer all communication about this claim to my office. Do not contact my client directly about this matter without my prior written approval.

This letter shall also serve as my client's notice to State Farm Insurance ("State Farm") of their intent to file suit under the Deceptive Trade Practices Act and Texas Insurance Code at the expiration of 60 days from the date of this letter if a compromise cannot be reached.

Mr. Jellison is troubled and disappointed by the way State Farm handled his roof loss. He paid his premiums faithfully so his home would be protected in case of weather related damage. In this claim, it is my understanding that State Farm found that Mr. Jellison had a valid covered loss totaling over $10,000.00 from the October 31, 2013 Thunderstorm that caused massive flooding of Onion Creek near his home. Mr. Jellison feels that State Farm underestimated his damages/loss and overestimated his depreciation. This led to State Farm's decision not to pay for the damage because the actual cash value of the claim allegedly did not exceed his deductible.

According to Mr. Jellison's contractor, the damages sustained to his structure on October 31, 2013, total $38,624.21. One example of the underpayment of this claim is the roof you stated there was no evidence of wind or hail damage. Yet, Mr. Jellison paid a roofing company

2

$1,500.00 to make necessary repairs. That company will testify regarding the damages they witnessed to the roof. Mr. Jellison believes this indicative of the unfair approach State Farm has taken to resolve his claim.

Mr. Jellison paid his premiums faithfully to ensure his home would be covered should it be damaged in a storm. Instead, my client was forced to pay out of his own pocket to get his damaged roof replaced, and is still financially unable to pay for the water damage caused to the interior of his home and the roof's infrastructure.

Accordingly, my client maintains State Farm committed violations of the following provisions of Tex. Ins. Code §541.060 (a)(1), (2), (3), (4), (7), §541.061(1)-(5), § 542.003 (b) (1), (2), (3), (4), (5); §§ 542.055, 542.056, 542.057, 542.058; D.T.P.A. § 17.46(b)(5), (7), (12), §17.50(a)(1)(A), (B)(3), (4); breached the insurance contract; and breached the common law duty of good faith and fair dealing. Moreover, it will be my client's position that the aforementioned conduct exhibited to date on this file was committed knowingly and was a producing cause of damage. Accordingly, my client will ask for mental anguish, three times the amount of economic damages, court costs and reasonable attorney's fees in any suit filed.

I have been authorized to demand $55,378.37 to settle this case before filing suit. This demand consists of the following damages: repair costs: $34,584.21 ($38,624.21 - $4,040.00)[1]; attorney fees: $13,833.68 (40%); late payment penalties: $6,960.48 (18% from payment date of 11/25/13). Should this claim result in litigation, my client will seek additional damages under the Insurance Code that will greatly increase the insurance company's exposure.

In return for paying the current demand of $55,378.37, Mr. Jellison will release your firm, the insurer and all other insurance company representatives from all liability on this matter.

Please contact me at your earliest convenience to discuss an amicable settlement.

Yours very truly,

David C. Wenholz

enc.

cc:   Mr. David Jellison

---

[1] A copy of Mr. Jellison's repair estimate, by Mr. Jim Cumby, is enclosed.

13501 GALLERIA CIRCLE • W-270 • BEE CAVE, TX 78738 • (512)478-2211 • FAX: (512)478-3625 • WWW.WENHOLZ.COM

01162015

EXHIBIT A